**VAAULI SIAOPO UTU, Appellant**

v.

**SALOFI P. AUMOEUALOGO, Appellee**

No. 104-1964

High Court of American Samoa

Civil Jurisdiction, Appellate Division

[Matai Name: "Salanoa" of Tula]

November 31, 1964

Utu, counsel for Vaauli Siaopo Utu.
Apelu, counsel for Salofi P. Aumoeualogo.

MORROW, *Chief Justice.*

This is an appeal by Vaauli Siaopo Utu in the case (No. 76-1964) of *Vaauli Siaopo Utu, Vita Salanoa, and John Valasi v. Aumoeualogo* heard by the Trial Division on

April 28, 29 and 30, 1964. Valasi withdrew as a party in the case during the trial in the lower court. Vita Salanoa did not appeal.

The Trial Division entered a decree to the effect that appellee "Salofi P. Aumoeualogo be registered as the holder of the matai title Salanoa attached to the village of Tula upon his resignation from any matai title he may presently hold within three weeks from the date of this decree."

■ Vaauli has appealed from the decree.

Sec. 6.0107 of the A. S. Code provides that

"in the trial of matai title cases, the High Court shall be guided by the following considerations in the priority listed:

"First: The best hereditary right in which the male and female descendants shall be equal in families where this has been customary, otherwise the male descendant shall prevail over the female.

Second: The wish of the majority or plurality of those clans of the family as customary in that family.

Third: The forcefulness, character, personality, and knowledge of Samoan customs.

Fourth: The value of the holder of the matai title to the family, the village, and the country."

■ Sec. 3.0503 of the Code provides that:

"The Appellate Division of the High Court on appeal . . . shall have the power to affirm, modify, set aside, or reverse the order of judgment appealed from . . . and to remand the case with such directions for a new trial or for the entry of judgment as may be just. The findings of fact of the Trial and Probate Divisions shall not be set aside by the Appellate Division unless *clearly erroneous* (emphasis supplied), but in the case of appeals from the district courts, the Appellate Division of the High Court may review the facts as well as the law."

Vaauli has appealed upon four grounds the first of which is:

1. There is not sufficient evidence to support the decision of the

908

court in connection with the first issue of hereditary right—that Aumoeualogo's pedigree submitted to the court was correct and he has $1/16$ Salanoa blood.

■ At the trial Aumoeualogo (hereafter called Logo) testified that he had $1/16$ Salanoa blood. This was denied by both Vaauli and Vita, his opponents in the case. The fact is that Salanoa Sinapati and three lesser matais in the Salanoa Family favored Logo to hold the title Salanoa. Sinapati was the former holder of the title who had resigned. This is a circumstance indicating very strongly that Logo has Salanoa blood. It is only on a very rare occasion that the matais in a Samoan family would favor a non-family member to hold the family title. We cannot say in view of Logo's testimony and this fact that the finding of fact by the trial court was clearly erroneous. There was substantial evidence to support the finding.

■ However if it be admitted that the finding was erroneous, still it was not prejudicial to the appellant Vaauli because the Court found that Vaauli prevailed over Logo on the issue of hereditary right. Vaauli has $1/4$ Salanoa blood which is more than $1/16$, $1/32$, $1/64$, or no blood at all. Vaauli does not complain about the court's finding that he prevailed over Logo on that issue. It was immaterial as far as the finding of the trial court on that issue was concerned whether Logo had $1/16$ blood as he testified or no blood at all as his two opponents testified. Whether Logo had no blood or $1/16$ blood, the finding of the trial court that Vaauli had more hereditary right than Logo was correct.

The second ground of appeal is that:

2. The court refused a witness(s) requested by my counsel to testify as to the 3rd and 4th issues relative to other facts concerning character, personality, and knowledge of Samoan customs; and usefulness to the village, family, and country.

■ Counsel in his argument on appeal claimed that the Court refused to hear Sinapati and three other matais as witnesses; and if they had testified, they would have testified that Logo had no Salanoa blood. However, such refusal was not prejudical error, if it was error at all, since the Court found as a fact that Vaauli had more Salanoa blood than Logo. It is obvious to anyone that Vaauli had more blood than Logo whether Logo has $\frac{1}{16}$ blood or no blood at all. One fourth [sic] blood is more blood than $\frac{1}{16}$ blood and it is more blood than no blood too.

■ Counsel for Vaauli claims that it was error to refuse to hear one witness who would have testified concerning character, personality, knowledge of Samoan customs and usefulness to the village, family, and country, i.e., matters involved in the third and fourth issues. However, the record shows that Vaauli himself had already testified with regard to these matters. It is not claimed that Vaauli's testimony was not true. Any further evidence on these same matters by another witness would have been cumulative. The record shows that Vaauli had graduated from Poyer School and attended high school for two years; that he served in the Marines from 1941 to 1945; that he was a farmer for six years after that; that he was a lay preacher and a deacon; that in his village of Amouli he was a leading young man; and that he had been a matai for two years; that he received $151 from the Veterans Administration a month; that he had rendered service to his matai; that he made $400 a year from farming. He also testified to some other matters. He also gave testimony in his own behalf indicating his value to the family, village and country.

There is no indication that the Court considered any of such testimony untrue or that the witness not called would have testified any differently from what Vaauli testified.

We think such witness' testimony would have been cumulative and unnecessary and that it was not error not to call the witness. He would have just repeated what Vaauli had already testified.

For instance Vaauli had testified that he had been in the Marines from 1941 to 1945 and that he had been a farmer for six years after the war and had been a matai for two years. It was not necessary to have another witness tell the court the same thing.

Logo testified that he was Assistant Public Defender; that he had held the Puaatuua title in the village of Tula; that in 1945 and 1946 he was a delegate to the Fono before the Legislature was established; that in 1945–1948 he was Secretary General of the Samoan Assembly; that he had served in the House of Representatives; that he served as Speaker of the House of Representatives in 1953–1954; that he has been a Senator since 1957; that he has been a delegate to a South Pacific Conference; that in 1958 he headed a delegation to study the Maoris in New Zealand. He was a delegate to the Constitutional Convention in 1950. Logo has been a matai for 21 years. He has an income of about $4,600 a year.

We think that the evidence before the lower court completely justified its findings that Logo prevailed over Vaauli on the third and fourth issues.

The third ground of appeal is that:

3. There were no other witnesses testified in court supporting the contention by Amoeualogo regarding his hereditary right, and it appeared that the decision of the Court was based on the testimony of Amoeualogo for the establishment of his connection by blood to the title of Salanoa.

This is in substance a reiteration of the appellant's first ground of appeal. Even if only one witness, Logo, testified that he had $1/16$ blood, it does not follow that the finding of the Court that he had $1/16$ blood was clearly

erroneous. Furthermore, even if he had no Salanoa blood, the finding that Vaauli prevailed over Logo on the issue of hereditary right was still correct.

There is no complaint about the Court's finding that Vaauli and Logo ranked equally on the issue of "the wish of the majority or plurality of those clans of the family as customary in that family." In fact Utu, also counsel for Vaauli in the trial court, claimed that this should be the finding on this issue.

■ In retrospect the findings of the trial court on the various issues as between Vaauli and Logo were as follows:

Vaauli prevailed over Logo on the first issue;
Vaauli and Logo were equal on the second issue;
Logo prevailed over Vaauli on the third issue;
Logo prevailed over Vaauli on the fourth issue.

The evidence in the trial court fully supported these findings. Not one of them was clearly erroneous.

■ Since the court found that Vaauli and Logo were on an equality with respect to the second issue, the question is whether the first issue is entitled to more weight than the third and fourth issues combined, or vice versa.

We think that under the statute that the third and fourth issues together are entitled to more weight than the first issue alone. In other words, the last two issues together are entitled to more weight than the first issue standing alone, and we so hold.

The fourth ground of appeal is that:

4. The decision in awarding the Salanoa title to Aumoeualogo is inconsistent with a precedent set by the court in weighing the different points and issues involved in consideration of Matai Title.

We do not believe that the trial court in holding that the third and fourth issues together were entitled to more

912

weight than the first issue standing alone held contrary to the rulings in prior cases. No such case was cited to the Appellate Division on the hearing of this appeal.

Since we hold that the third and fourth issues together are entitled to more weight than the single first issue, it follows that the decree of the Trial Division should be affirmed. The statute nowhere says that one issue shall have more weight than two issues together.

### ORDER

It is hereby ordered that the decree of the Trial Division awarding the title Salanoa attached to the village of Tula to Aumoeualogo upon his resignation from any other matai title held by him within three weeks be and it is hereby affirmed.

The Registrar of Titles will be informed of this order of affirmance.